Dear Chairman Eells:
This office is in receipt of your request for an opinion of the Attorney General in regard to the requirements of a political subdivision organized under Louisiana law to publicly advertise for open job positions within that political subdivision.
In both Atty. Gen. Op. 01-07A and Atty. Gen. Op. 03-0083, this office stated it had not found any requirement in state law requiring the board to advertise for positions it sought to fill, and we find no such provision now.
It was noted in Atty. Gen. Op. 03-0083 that the Parish School Board could establish its own policy governing the procedure to be followed when filling vacant positions, including the advertisement of those positions. However, it was observed, "In the absence of a local policy, a contractual obligation or a federal desegregation decree requiring the advertisement of vacant positions, it is the opinion of this office that St. Landry Parish School Board may, pursuant to the grant of authority in LSA-R.S. 17:81(C) and 17:84, fill vacant positions without prior advertisement."
In Atty. Gen. Op. 85-505, this office was asked if it was legal for the police jury to hire a recreation director without advertising the position. This office observed there were no allegations pertaining to discriminatory practices, and stated as follows:
 In conclusion, it is our opinion that the Ascension Parish Recreation Department is a board comprised of individual commissioners; that there is no substantive difference between a "commissioner" or "board"; that the recreation district is the legal entity empowered to hire a recreation director, that the governing body of the recreation district is not required to advertise the hiring of a recreation director; and that the child of a board member may not be hired by the board.
While we find no state law requiring advertisement to fill a position by a public entity, we find it pertinent to note that R.S. 42:1119, Nepotism, provides no member of the immediate family of an agency head, or of a governing authority, or the chief executive of a governmental entity shall be employed by the governmental entity except for the limited exceptions set forth therein.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL